**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY, | ) |
| | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | )   Case No. CIV-20-811-J |
| | ) |
| KUSUM HOSPITALITY MANAGEMENT | ) |
| INC. d/b/a KUSUM MANAGEMENT | ) |
| COMPANY, | ) |
| | ) |
|     Defendant/Counterclaim Plaintiff. | ) |

## ORDER

Mt. Hawley Insurance Company (Mt. Hawley) filed a Complaint for declaratory relief asking the Court to find the insurance policy discussed below does not cover the damages Kusum Hospitality Management (Kusum) seeks (Comp.) [Doc. No. 1]. Kusum counterclaimed for breach of contract (Ans.) [Doc. No. 7] and Mt. Hawley moves to dismiss the counterclaim (Mt. Hawley's Mot.) [Doc. No. 15]. Kusum has responded (Kusum's Resp.) [Doc. No. 17] and Mt. Hawley replied. [Doc. No. 18]. For the reasons discussed below, Mt. Hawley's motion is GRANTED.

**I.**     **Background**

Kusum owns numerous hotels in Oklahoma and purchased property insurance from Mt. Hawley. *See* Ans. at 5-6.[1]  Relevant to this motion, the policy provides coverage for business income, extra expense, civil authority, and extended business income losses. *Id.*; *see also* Compl. at 5-14. Notably, to qualify for business income, extra expense, and extended business income losses, there must be "direct physical loss of, or damage to, the property." Ans. at 11-15; Compl. at 5-8 & Ex. 1. For civil authority coverage, there must be "damage to property other than property at the described premise." Ans. at 12; Compl. at 6 & Ex. 1.

---

[1] Citations to all page numbers refers to this Court's CM/ECF pagination.

Beginning in March 2020, the COVID-19 Pandemic resulted in State and city executive orders limiting gatherings, canceling public events, and temporarily shuttering some businesses. In its counterclaim, Kusum alleges it "sustained direct physical loss of and/or damage to its covered property, including but not limited to the interruption of its business operations and loss of revenue therefrom" due to the COVID-19 Pandemic. Ans. at 6. Kusum's theory is twofold. First, it alleges COVID-19 is "a physical substance, which lives and is active on physical surfaces" and it "has undoubtedly been present in/on Kusum's covered property" rendering the hotels "unsafe and unusable and thereby caused Kusum to cease or suspend its operations at its covered property." *Id.* at 7-8. Second, Kusum alleges various government closure orders and "'shelter in place'" directives "had a devastating impact on [the] hotels" and "prohibited access" to the hotels and "deprived Kusum of the business and revenue-generating functionality of its covered property." *Id.* at 8-9. Based on these theories, Kusum believes it is entitled to coverage under the policy and alleges Mt. Hawley breached the contract when it rejected the claim.

## II.    Standard of Review

Mt. Hawley seeks dismissal of Kusum's counterclaim under Rule 12(b)(6). *See* Mt. Hawley's Mot. at 13-14. Under this Rule, the Court accepts "as true all well-pleaded factual allegations in the [counterclaim] and view[s] them in the light most favorable to the [non-moving party.]" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quotations omitted). To survive dismissal, the counterclaim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotations omitted). Kusum's counterclaim will have facial plausibility if it "pleads factual content that allows the court to draw the reasonable inference that [Mt. Hawley] is liable for the misconduct alleged." *Id.* (quotations omitted).

"This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the [counter-claim] defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Court may consider documents attached to the counterclaim or which either party attached or referenced if they are central to the claims and the parties do not dispute the documents' authenticity. *See Brokers' Choice of Am. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

### III. Analysis

As noted, Kusum alleges breach of contract. *See* Ans. at 24-25. Because this is a diversity action, *see id.* at 6; *see also* Compl. at 2, Oklahoma substantive law governs the Court's analysis. *See Eden v. Neth. Ins. Co.*, 834 F.3d 1116, 1120 (10th Cir. 2016). To prove breach of contract related to an insurance claim under Oklahoma law, Kusum must show "a contract existed; the contract required [the insurance] coverage benefits to be paid; and [Mt. Hawley] breached the contract, and caused damages, by failing to make the payment." *Hatch v. State Farm Fire & Cas. Co.*, No. CIV-19-471-D, 2020 WL 6163562, at *3 (W.D. Okla. Oct. 21, 2020).

#### A. Alleged Breach of Contract Related to Business Income, Extra Expense, and Extended Business Income Losses

Kusum claims Mt. Hawley breached the insurance contract when it denied Kusum's claims for business income, extra expense, and extended business income losses. For these coverages, the relevant question is whether Kusum's hotels suffered "direct physical loss of, or damage to, the property" from the COVID-19 virus. *See supra* at 1. Kusum argues the clause should be

interpreted as "'loss of *or, separately,* damage to'" to property, so that you could have "a *loss of covered property even if* no damage occurred to that covered property." Ans. at 17. Mt. Hawley disagrees and urges that Kusum is ignoring the word "physical" in the phrase physical loss of property. Mt. Hawley's Mot. at 17-21.

"The interpretation of an insurance contract and whether it is ambiguous is determined by the [C]ourt as a matter of law." *Serra v. Estate of Broughton*, 364 P.3d 637, 641 (Okla. 2015). The Court shall not "force[ ] or constrain[ ] interpretations to create . . . [or] construe ambiguities." *Max True Plastering v. U.S. Fid. & Guar Co.*, 912 P.2d 861, 869 (Okla. 1996). "Without a definition in the policy, direct physical loss 'is accorded its ordinary, plain meaning and enforced so as to carry out the parties' intentions.'" *Goodwill Indus. of Cent. Oklahoma, Inc. v. Philadelphia Indem. Ins. Co.*, CIV-20-511-R, 2020 WL 8004271, at *2 (W.D. Okla. Nov. 9, 2020) (citation to Oklahoma law omitted).

Kusum would have the Court interpret the clause to find that its property was physically lost because the COVID-19 virus was "in and around [the] covered propert[ies]" and the closure orders "deprived [it] of the business functionality of its property." Ans. at 17. But this Court, and most other courts to consider this issue, have rejected this interpretation.

For example, in *Goodwill Indus. of Cent. Oklahoma, Inc.*, this Court was asked to interpret "direct physical loss" to decide if an insurance policy covered a business' closure under COVID-19 executive orders. After analyzing Oklahoma law and common word usage, the Court held that "a direct physical loss results from an actual, or material, deprivation of [the] property" and then concluded the business in question "did not allege a 'direct physical loss' under the [p]olicy because it only alleged an intangible loss to its property.'" 2020 WL 8004271, at *7.

More recently, the United States District Court of New Mexico found similarly. There, like here, a business sought insurance coverage for "lost business income following the onset of COVID-19." *Cafe Plaza de Mesilla Inc. v. Cont'l Cas. Co.*, No. 2:20-cv-354-KWR-KRS, 2021 WL 601880, at *2 (D.N.M. Feb. 16, 2021). As here, the business relied both on the certainty that COVID-19 existed physically within its property and on the executive orders "mandating suspension, closure, and limited operation of businesses." *Id.* at *2, *4. Also like the present case, the relevant question was the interpretation of "'direct physical loss or damage to property.'" *Id.* at *5 (citation and internal brackets omitted). Finally, like Kusum, the business there asked the court to focus on the placement of the word "or" to suggest that "physical loss" did not require tangible damage. *Id.*

On analysis, the court disagreed, holding that "a review of the plain, contemporary, and ordinary meaning of the words" and "[c]onsistent with other courts evaluating the effects of coronavirus on damage to property in the insurance context, the Court finds that the phrase 'direct physical loss' unambiguously requires something more tangible than what [p]laintiff has set forth in its [c]omplaint." *Id.* (citing at least seven cases from various federal courts in support); *see also Promotional Headwear Int'l v. Cincinnati Ins. Co.*, No. 20-CV-2211-JAR-GEB, 2020 WL 7078735, at *6 (D. Kan. Dec. 3, 2020) ("[T]he overwhelming majority of cases to consider business income claims stemming from COVID-19 with similar policy language hold that "direct physical loss or damage" to property requires some showing of actual or tangible harm to or intrusion on the property itself.").

Most federal courts outside this Circuit have agreed.[2] *See Barbizon School of San Francisco, Inc. v. Sentinel Insurance Co. LTD*, No. 20-CV-08578-TSH, 2021 WL 1222161, at *7 (N.D. Cal. Mar. 31, 2021) (granting dismissal on business's breach of contract claim because "[t]he overwhelming majority of courts have concluded that neither COVID-19 nor the governmental orders associated with it cause or constitute property loss or damage for purposes of insurance coverage" and citing numerous federal court cases in support); *7th Inning Stretch LLC, et al. v. Arch Ins. Co., et al. Additional Party Names: DeWine Seeds Silver Dollars Baseball, LLC, Everett AquaSox, Fed. Ins. Co., Major League Baseball, Whitecaps Pro. Baseball Corp.*, No. CV208161SDWLDW, 2021 WL 1153147, at *2 & n. 8 (D.N.J. Mar. 26, 2021) (finding plaintiff's claim did not fall under the policy's terms because the policy required "direct physical loss of or damage to property" and neither the alleged presence of COVID-19 in the business nor executive stay at home orders caused any physical damage to the property and citing approximately twenty federal cases that have founds similarly); *Sharde Harvey, DDS, PLLC v. Sentinel Ins. Co., Ltd.*, No. 20CV3350PGGRWL, 2021 WL 1034259, at *8 (S.D.N.Y. Mar. 18, 2021) ("The requirement of some 'physical damage to property' to satisfy 'direct physical loss of or damage to property' is fatal to [plaintiff's] position that its losses are covered under the Business Income provision. That is true regardless of the alleged 'cause' of [plaintiff's] slowdown – (1) the COVID-19 pandemic generally, (2) the government shutdown orders, or (3) COVID-19 contamination in its own premises." (citing numerous cases in support)).

---

[2] When Kusum filed its response in December 2020, it directed the Court to a COVID Coverage Litigation Tracker to show an even split in courts ruling on these matters. *See* Kusum's Resp. at 17-18. Though the Court does not rely on that website, it does note that in April 2021, the numbers have significantly shifted in Mt. Hawley's favor. *See* https://cclt.law.upenn.edu/judicial-rulings/ (last accessed April 13, 2021).

6

...

In sum and based on the majority of federal courts now holding likewise, the Court finds that Kusum did not suffer a direct physical loss of property due either to the alleged presence of COVID-19 on its premises or by the resulting executive orders, and as such, has failed to state a plausible claim that Mt. Hawley breached the contract in refusing to pay on the policy. Therefore, Mt. Hawley's motion to dismiss Kusum's counterclaim is GRANTED as it relates to Kusum's claims for business income, extra expense, and extended business income losses.

### B.     Alleged Breach of Contract Related to Civil Authority Loss

Kusum's breach of contract claim related to civil authority coverage meets a similar fate. That is, to qualify for coverage under this provision, COVID-19 must have caused "damage to property other than [the hotels]" causing the executive orders to "prohibit" access to the hotels. Ans. at 12. But Kusum "has not plausibly alleged that the closure orders were issued for a purpose other than to prevent the spread of COVID-19, or that the orders caused a direct physical loss to neighboring properties, just as it has not plausibly pled direct physical damage to its own premises." *Cafe Plaza de Mesilla Inc.*, 2021 WL 601880, at *7; *see also Barbizon School*, 2021 WL 1222161, at *10 (rejecting plaintiff's claim for coverage under the civil authority provision because "government orders were issued to prevent the spread of COVID-19, not in response to property damage"). Accordingly, the Court likewise finds that Kusum has failed to state a valid or plausible breach of contract claim related to the civil authority provision.

### IV.     Conclusion

Based on the foregoing, Mt. Hawley's motion to dismiss Kusum's counterclaim [Doc. No. 15] is GRANTED[3] and the counterclaim is DISMISSED with prejudice.

---

[3] Having found that Kusum cannot prevail on its theory that it suffered a physical loss of or damage to its property, the Court declines to consider whether various policy exclusions would have applied.

The Court's finding that Kusum did not suffer a physical loss or of damage to its property would appear to resolve Mt. Hawley's request for declaratory relief. Accordingly, Kusum shall show cause, on or before April 28, 2021, as to why a judgment for declaratory relief should not enter. If Mt. Hawley believes a response is necessary, it may file one within seven days thereafter.

IT IS SO ORDERED this 14th day of April, 2021.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE